UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PETROLEUM HELICOPTERS, INC.,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | CAUSE NO.  1:05-cv-410-LJM-WTL |
| ) | |
| ROLLS-ROYCE CORPORATION,   ) | |
| ) | |
| Defendant.   ) | |

## ENTRY ON MOTION TO COMPEL AND MOTION TO ENFORCE DISCOVERY DEADLINES AND STRIKE DEPOSITION NOTICES

This cause is before the Magistrate Judge on the Plaintiff's Motion to Compel Rolls-Royce Corporation's Discovery Responses and the Defendant's Motion to Enforce Discovery Deadlines and to Strike Plaintiff's Deposition Notices for Richard Ridpath and Donald Bloom or, in the Alternative, for Other Such Sanctions as the Court Deems Appropriate.  For the reasons set forth below, both motions are **DENIED**.

In its Local Rule 37.1 statement in support of its motion to compel, Plaintiff's counsel states that he conferred with defense counsel regarding the issues raised in the motion on "numerous occasions, the most recent occurring on August 31, 2006."  In its response, the Defendant states unequivocally that no such conference occurred on August 31, 2006, and that other than a general conversation over a year ago, counsel have not discussed the issues raised in the motion.  Thus, the Defendant argues, the motion to compel should be denied summarily for failure to comply with Local Rule 37.1.  The Magistrate Judge agrees, especially in light of the curious fact that the Plaintiff did not file a reply in support of the motion to compel to explain the discrepancy.  The motion to compel is **DENIED**.

Just as curious is the Defendant's motion, in which the Defendant sets forth the following

series of transgressions by Plaintiff's counsel:

- The Plaintiff failed to produce the entire file of its expert, Warren Wandel, until the day of Mr. Wandel's deposition. This prevented the Defendant from completing the deposition; the parties agreed to leave it open for conclusion at a later date.

- Plaintiff's counsel filed an "agreed joint motion" to extend a deadline when the motion was not, in fact, joint or agreed.

- Plaintiff's counsel agreed to stipulate to the authenticity of documents to be used in the summary judgment process, but then failed to respond to a draft stipulation sent to him the day before the Defendant's summary judgment motion was due, thus "breaching" the parties' agreement.

The Defendant argues that the Plaintiff should be sanctioned for this conduct. Specifically, the Defendant wishes to be relieved from its agreement to permit the Plaintiff to depose the Defendant's two experts even though the request for those depositions was made after the expert discovery deadline, and the Plaintiff should be precluded from taking the untimely depositions.

The Magistrate Judge is at a total loss to follow the Defendant's logic. The parties dealt with the issue of Mr. Wandel's file at the time by agreeing to continue the deposition to allow defense counsel the opportunity to review the newly produced documents; it is unclear why that issue has been brought up here.[1] The Defendant, quite appropriately, filed a motion to strike the "agreed joint motion"; the Plaintiff did not object and, in fact, filed a response in which

---

[1] The Magistrate Judge does not mean to suggest that the Defendant should have filed a motion regarding this incident sooner, but rather to convey that the agreed solution reached by the parties was reasonable and appropriate and should have ended the matter.

Plaintiff's counsel took full responsibility for his erroneous filing, which appears to have been an unfortunate mistake, but not an attempt to dupe the Court or gain some advantage. It does not appear to the Magistrate Judge that Plaintiff's counsel breached his agreement regarding the authenticity stipulations at all; he was simply unavailable during a particular afternoon to review and sign the proposed written stipulation, which does not seem to be particularly unreasonable, or even surprising.[2] Even if he had breached the agreement, the appropriate sanction would not be to allow defense counsel to renege on his own, unrelated agreement–a legal tit-for-tat, as it were. Rather, it would be for Plaintiff's counsel to reimburse the Defendant for the cost of obtaining the necessary affidavits regarding authenticity. The Defendant's motion is **DENIED**.

SO ORDERED on December 13, 2006

_William T. Lawrence_

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

---

[2] The Defendant argues in its reply brief that Plaintiff's counsel's statement that he was traveling and unavailable on the day in question is contradicted by the fact that he filed the erroneously titled "agreed joint motion" on that same day. However, Plaintiff's counsel clearly explained in his response to the motion to strike the agreed joint motion that his secretary electronically filed that motion on his behalf and that he did not catch the error because he was traveling and unavailable by cell phone or email when it was filed.

Copies to:

Adrienne Franco Busby
BAKER & DANIELS
afbusby@bakerd.com

Michael Ross Cunningham
ROSE WALKER LLP
rcunningham@rosewalker.com

Scott A. Harkness
NORRIS CHOPLIN & SCHROEDER LLP
sharkness@ncs-law.com

Pamela C. Hicks
BEIRNE MAYNARD & PARSONS
phicks@bmpllp.com

Bruce L. Kamplain
NORRIS CHOPLIN & SCHROEDER LLP
bkamplain@ncs-law.com

William Lee Maynard
BEIRNE MAYNARD & PARSONS LLP
wmaynard@bmpllp.com

Martin E. Rose
ROSE WALKER LLP
mrose@rosewalker.com

Joseph H. Yeager Jr
BAKER & DANIELS
jhyeager@bakerd.com