UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PETROLEUM HELICOPTERS, INC., ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
|      vs. ) | CAUSE NO.  1:05-cv-410-LJM-WTL |
| ) | |
| ROLLS-ROYCE CORPORATION, ) | |
| ) | |
|    Defendant. ) | |

## ENTRY ON MOTION TO RECONSIDER

This cause is before the Magistrate Judge on the Plaintiff's Limited Motion to Reconsider Plaintiff's Motion to Compel.  The motion is fully briefed, and the Magistrate Judge also has heard and considered the parties' additional arguments during a telephonic discovery conference. The Magistrate Judge, being duly advised, **GRANTS** the motion to reconsider for the reasons and to the extent set forth below.

The Plaintiff's original motion to compel was summarily denied for failure to comply with Local Rule 37.1.  That ruling was appropriate and there is no basis to reconsider it.  If the Plaintiff wanted the Court to consider the merits of its motion, it should have filed a new motion to compel after fully complying with L.R. 37.1, rather than filing a motion to reconsider. However, in the interests of judicial economy, the Magistrate Judge will consider the Plaintiff's limited request for relief on its merits.

The Plaintiff now seeks to discover documents relating to one accident that occurred on May 18, 1998, approximately ten days prior to the date the allegedly defective part at issue in this case was shipped by the Defendant.  The Plaintiff argues that the 1998 incident is (or at least might be) substantially similar to the incident at issue in this case, and therefore documents

relating to the earlier incident are relevant to the issue of the Defendant's notice of the defect alleged in this case. The Defendant objects to this discovery and argues that the two incidents are not substantially similar for numerous reasons. The Defendant also argues that even if the two incidents were substantially similar, the proximity in time of the first incident to the date that the part was shipped means that the earlier accident could not have put the Defendant on notice of any defect in the part, because the cause of the earlier incident was not determined until after the date of shipment. However, the Magistrate Judge agrees that the two incidents are similar enough to justify the discovery the Plaintiff seeks; the Plaintiff is entitled to review the documents itself to determine whether it agrees with the Defendant's assessment of the facts and whether it can in good faith argue that information about the earlier incident is admissible in this case.

The Plaintiff's motion to compel documents relating to the May 18, 1998, accident is **granted**. The Defendant shall produce all responsive, non-privileged documents by **March 2, 2007**.

SO ORDERED: 02/16/2007

*William T. Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Adrienne Franco Busby
BAKER & DANIELS
afbusby@bakerd.com

Michael Ross Cunningham
ROSE WALKER LLP
rcunningham@rosewalker.com

Scott A. Harkness
NORRIS CHOPLIN & SCHROEDER LLP
sharkness@ncs-law.com

Pamela C. Hicks
BEIRNE MAYNARD & PARSONS
phicks@bmpllp.com

Bruce L. Kamplain
NORRIS CHOPLIN & SCHROEDER LLP
bkamplain@ncs-law.com

William Lee Maynard
BEIRNE MAYNARD & PARSONS LLP
wmaynard@bmpllp.com

Martin E. Rose
ROSE WALKER LLP
mrose@rosewalker.com

Joseph H. Yeager Jr
BAKER & DANIELS
jhyeager@bakerd.com